IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NOs. 4:10-cr-00164-2 |
| | )            4:14-cv-00028 |
| Marie Barr, | ) |
|     Defendant. | ) |

## O R D E R

Defendant Barr has filed two Motions for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c), one premised on Amendment 794 to the United States Sentencing Guidelines (4:10-cr-164, Doc. 97) and the other premised on Amendment 782 to the United States Sentencing Guidelines (4:10-cr-164, Doc. 101).

The Court has previously denied two 18 U.S.C. § 3582(c)(2) motions filed by Defendant, both premised on Amendment 782, as she is a career offender whose advisory guideline range was unaffected by Amendment 782. As a result, a sentence reduction was not authorized.

Amendment 794, effective November 1, 2015, amended USSG § 3B1.2 to provide additional guidance to sentencing courts in determining whether a mitigating role adjustment applies. Amendment 794 is *not* a retroactive amendment, as it is not listed at USSG § 1B1.10(d). As such, Amendment 794 does not create an avenue for the reduction of Barr's sentence.

Defendant is a career offender by virtue of being convicted in this court of a controlled substance offense after having

sustained two prior felony controlled substance convictions. While Defendant suggests she is now eligible for a sentence reduction under Amendment 782 by virtue of a change to the Guidelines' "career offender" definition, such is simply not the case. Neither the criteria for career offender designation nor the definition of a "controlled substance offense" has changed since Defendant's 2011 sentencing. Defendant remains properly characterized as a career offender, and it is that very status that renders her ineligible for a § 3582(c)(2) sentence reduction pursuant to retroactive Amendment 782. Defendant's Motions for Sentence Reduction (4:10-cr-164, Docs. 97 and 101) are therefore **DENIED**.

Defendant has also made a request for appointment of counsel (4:10-cr-164, Doc. 98) to assist with her motions for sentence reduction pursuant to 18 U.S.C. § 3582. Defendants seeking sentence reductions pursuant to § 3582 have no statutory or constitutional right to appointed counsel, United States v. Webb, 565 F.3d 789, 795 (11th Cir. 2009), which the Court has determined unnecessary in this case. The Court has independently reviewed Defendant's case to determine whether she is entitled to a sentence reduction. As such, Defendant's Motion for appointment of counsel is **DENIED**.

Lastly, Defendant has filed a Motion for Leave to Proceed In Forma Pauperis (4:10-cr-164, Doc. 99). Defendant's motion in

Order on Motions
**Marie Barr** - Case Nos. 4:10-cr-164-2 & 4:14-cv-28

this regard is **DISMISSED AS MOOT** as she already has indigent status (4:10-cr-164, Doc. 35).

SO ORDERED this 5th day of January 2017.

_____
WILLIAM T. MOORE, JR.
JUDGE, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA