IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. )
)
MARIE BARR, ) CASE NO. CR410-164
)
Defendant. )
)

### ORDER

Before the Court is Defendant's Motion for Relief from Judgment Pursuant to Fed. R. Civ. Pro. 60(b)(6). (Doc. 104). To the extent that Defendant is seeking an order setting aside her sentence, the Court lacks jurisdiction to consider this claim. Federal Rule of Civil Procedure 60(b) "does not provide for relief from a judgment in a criminal case." United States v. Whisby, 323 F. App'x 781, 782 (11th Cir. 2009). Defendant's motion is in fact an attack on "the federal court's previous resolution of a claim on the merits." Peters v. United States, ___ F. App'x ___, 2017 WL 443631, *1 (11th Cir. 2017). As a result Defendant's motion is more accurately characterized as a successive § 2255 motion. Because the motion is successive, Defendant must first "obtain an order from this Court authorizing the district court to consider the motion." Id. at

\*2. Because Defendant has not received such authorization, the Court lacks jurisdiction to consider the motion.[1] Id.

Defendant also appears to request that the Court set aside its judgment in her previously concluded § 2255 petition. Even if this is accurate, Defendant is not entitled to relief. Rule 60(b) motions must be filed "within a reasonable time." Fed. R. Civ. Pro. 60(c)(1). Defendant filed this motion more than three years after the Court denied her § 2255 motion. Nothing in Defendant's motion explains this unreasonable delay. Accordingly, Petitioner's Motion for Rule 60(b) is **DISMISSED**.

SO ORDERED this 14th day of August 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court notes that this would be Defendant's third attempt at habeas relief.